# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CALVIN GRIER, JR.,** | : CIVIL ACTION NO. 1:10-CV-0738 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **RAYMOND LAWLER**, *et al.*, | : |
| Respondents | : |

## ORDER

AND NOW, this 9th day of July, 2010, upon consideration of the report (Doc. 12) of the magistrate judge, recommending that the petition (Doc. 1) for writ of habeas corpus, filed by petitioner Calvin Grier, Jr. ("Grier") pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, because Grier failed to exhaust the remedies available in the courts of the State and because the petition may be time barred by the federal statute of limitations under § 2244, and, following an independent review of the record, it appearing that Grier is currently attempting to litigate in state court issues parallel to the issues raised in the instant petition, (see Doc. 12 at 2), and that any issues pertaining to the federal statute of limitations hinge on the state court accepting Grier's pending out-of-time state appeal,[1] (see Doc. 12 at 14), and it further

---

[1] If the Pennsylvania Superior Court accepts Grier's pending out-of-time appeal, then he will have failed to exhaust his state remedies and the federal statute of limitations will reset. See Jimenez v. Quarterman, 129 S.Ct. 681, 686 (2009). However, if the Pennsylvania Superior Court rejects his appeal, then his conviction will be "final" for the purposes of § 2244 on September 27, 2008, and he will be outside the one year federal statute of limitations, and for that reason, any habeas corpus petition will have to be denied. (See Doc. 12 at 2.)

appearing that neither party has objected to the magistrate judge's recommendation,[2] and that there is no clear error on the face of the record,[3] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

---

[2] Objections to the report were due on or before June 11, 2010. (See Doc. 12.) As of the date of this order, none have been filed.

[3] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that when parties do not object to a report and recommendation, the court's review is conducted under the "plain error" standard, pursuant to which "the error must have been 'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings"); Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (holding that the district court is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review an unobjected-to report for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

1. The report and recommendation (Doc. 10) of the magistrate judge is ADOPTED.

2. The petition (Doc. 1) for habeas corpus is DISMISSED without prejudice.

3. The Clerk of Court is directed to CLOSE this case.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge